IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

　　　　　Plaintiff,

　　vs.　　　　　　　　　　　　　　No.  06-40003-01-SAC

VILAYSACK SIHARATH,

　　　　　Defendant.

MEMORANDUM AND ORDER

　　　　　The defendant pleaded guilty to one count of bank robbery.
The presentence report ("PSR") recommends a Guideline sentencing
range of 27 to 33 months from a criminal history category of one and a total
offense level of 18 (a base offense level of 20 pursuant to U.S.S.G. §
2B3.1, plus a two-level increase for taking property of a financial institution
pursuant to U.S.S.G. § 2B3.1(b)(1), a one-level increase for a loss
exceeding $10,000 pursuant to U.S.S.G. § 2B3.1(b)(7), a two-level
decrease for minor participant pursuant to U.S.S.G. § 3B1.2(b), and a
three-level decrease for acceptance of responsibility pursuant to U.S.S.G.
§ 3E1.1).  The addendum to the PSR reflects the defendant has one
unresolved objection.

　　　　　The defense counsel has filed a sentencing memorandum

highlighting certain findings from a psychological evaluation recently
performed by Dr. George Hough on the defendant.  As explained in the
memorandum, the evaluation is relevant to the PSR's recommendation for
a minor role adjustment in showing the defendant's unusual vulnerability to
pressure from others.  The court has reviewed the memorandum and the
evaluation to be offered as an exhibit under seal at the sentencing hearing.
The court intends to follow the PSR's recommendation for a role
adjustment.

        The defendant objects to the one-level increase for a loss
exceeding $10,000.  The defendant argues his co-defendant's conduct in
the bank was not foreseeable to him "on the unique facts of this case." As
for what facts are "unique" in the defendant's judgment is not a matter
directly addressed in the addendum to the PSR or in the defendant's recent
sentencing memorandum.  Presumably, the defendant is arguing his
psychological vulnerability to pressure from others as confirmed in his
evaluation and by his limited role in the robbery bears on what he
reasonably foresaw.

        The sentencing guidelines include as relevant conduct that
which was reasonably foreseeable and in furtherance of the jointly

2

undertaken criminal activity.  U.S.S.G. § 1B1.3(a)(1).  The burden of proving the amount of loss rests with the government which seeks the sentencing enhancement.  *United States v. Nichols*, 229 F.3d 975, 979 (10th Cir. 2000).  As a general rule, the government bears the burden of proof for a sentence increase, and the burden shifts to the defendant to prove any decrease in sentence.  *United States v. Rice*, 52 F.3d 843, 848 (10th Cir. 1995).  Thus, if the government meets its burden of proof on a sentence enhancement or increase, the burden shifts to the defendant to disprove the same as inapplicable or inappropriate.  *United States v. Maldonado*, 216 F.3d 1089, 2000 WL 825717 at *3 (10th Cir.), *cert. denied*, 531 U.S. 973 (2000).

Relying on the facts appearing in the PSR to which the defendant lodges no objection, the court finds the government has met its burden of proving that the co-defendant's taking of more than $10,000 was a reasonably foreseeable act done in furtherance of the jointly undertaken activity of bank robbery.  As disclosed in ¶ 11, the defendant joined in the bank robbery after the co-defendant "asked if he wanted to make some money" and the defendant replied, "yes."  There is nothing of record to show that the quantity of money taken from the bank was not reasonably

3

foreseeable to the defendant given his agreement to jointly undertake the robbery of a bank.  The court overrules the defendant's objection for lack of proof, but it will reconsider this ruling in the event the defendant comes forward with additional proof at the sentencing hearing.

IT IS THEREFORE ORDERED that the defendant's objection to the PSR is overruled.

Dated this 21st day of November, 2006, Topeka, Kansas.


s/ Sam A. Crow
Sam A. Crow, U.S. District Senior Judge